## W. W. SMITH *v*. THE STATE.

1. PRACTICE IN THIS COURT.—No bill of exceptions was taken by the accused to the refusal of a continuance, but the final judgment recites that he excepted to the ruling of the court below in overruling his application for a continuance, and the application itself appears in the transcript. *Held*, that the recital in the judgment does not supply the want of a bill of exceptions, and the ruling of the court below, though assigned for error, will not be revised by this court.

2. SAME.—Objections to admissibility of evidence cannot be primarily raised in this court; nor will they be considered in this court, though urged in the court below, unless they were duly reserved by bill of exceptions.

3. THEFT—CHARGE OF THE COURT.—On trial for theft of a branded steer, the accused proved that before he took the animal he had recorded the brand, as his own, in the county clerk's office, and he asked the court to instruct the jury that "the record of marks and brands is *prima facie*

evidence of ownership, and the oldest record is *prima facie* the best," which the court modified by interpolating the words "in good faith" after the word "brands." *Held*, that the modification was proper. .

APPEAL from the District Court of Milam. Tried below before the Hon. A. S. Broaddus.

The material facts are indicated in the opinion of the court and the head-notes.

*F. M. Adams*, for the appellant.

*A. J. Peeler*, Assistant Attorney General, for the State.

Winkler, J. The appellant was charged by indictment in the district court of Milam county, and was tried and convicted of the theft of a beef steer, and his punishment fixed at confinement in the state penitentiary for a period of three years. From the judgment of the district court an appeal is taken, and seventeen grounds are set out in the defendant's assignment of errors, upon which he relies for a reversal of the judgment rendered against him.

It will not be necessary to notice each of the alleged errors assigned, for the reason that several of them relate to kindred subjects, and may with propriety be considered together, and, for the further reason, because most of them relate to matters about which the law is believed to be well settled.

The 1st and 3d points in the assignment of errors, which embrace the same propositions as the 1st and 3d grounds in the motion for new trial, are objections to the array of grand jurors by whom the bill of indictment in this case was found, and to the manner of selecting the petit jury before whom the trial was had. The questions involved have been decided against these several objections in cases decided by this court at the present term. *Poley Reed v. The State, ante* p. 1 ; *Dan Green v. The State, ante* p. 82.

The 3d point in the assignment of errors, as well as the 3d ground in the motion for new trial, relates to the action of the court in overruling the defendant's application for continuance. On this subject we need only say that, if the defendant had relied upon this for a reversal, he should have taken a bill of exceptions to the ruling at the time of the trial—not by resting on the record, but by having it signed by the presiding judge; otherwise, it could not avail him on appeal. See authorities cited in *Nelson* v. *The State*, decided at this term, *ante* p. 41.

The 4th, 5th, 6th, 7th, 8th, 9th, and 10th points in the assignment of errors, involving, in substance, the same propositions as the 4th, 5th, 6th, 7th, 8th, and 9th grounds in the motion for new trial, are, in the main, objections to the admissibility of evidence. The evidence complained of, so far as the record discloses, was admitted without objection shown by bill of exceptions. It has long been settled law that unless the point has been saved by bill of exceptions it will not be raised on appeal. See Code Cr. Pro., Art. 603; Pasc. Dig., Art. 3068; *Johnson* v. *The State*, 27 Texas, 765.

The 11th, 12th, 13th, 14th, 15th, 16th errors assigned, involving similar propositions as set out in the 10th, 11th, 12th, 13th causes in the motion for new trial, relate to the charges given by the court, and those refused or given in a modified form, on the trial. We are of opinion that the settled practice is to present such questions by bill of exceptions, in order that the errors complained of may be inquired of on appeal. However this may be, we are unable to see that any injustice has resulted to the accused by the charges given, nor in those refused, nor yet in those given with the modifications as stated. The judge, so far as we see from the record, charged the jury plainly the law of the case, as we find it made by the evidence.

The ownership of the brand upon the animal taken was

·proved, both by the record of the brand and by oral testimony of witnesses, and that the stock bearing the brands was well known. The proof shows that the animal taken bore the brand, and that the brand was not only discernible, but was actually observed, at the time. the animal was being butchered.

The witness Gilbert states that, " on the date charged in the indictment, at the instance of the defendant, witness and another person assisted defendant to skin and butcher a beef steer three or four years old. While engaged in skinning the beef steer, the other person pointed his knife at the brand, without saying anything ; witness looked, and saw the brand on the steer to be the letter B. Defendant .sold the beef out to parties. This was on the last day of May or 1st of June, 1875. Witness stated that in two or three days he was back at Mrs. Anderson's (where it seems the butchering was done), and saw the hide of said steer hanging upon the fence at the place where it was killed. At defendant's suggestion witness cut off one of the ears, and defendant cut off the other."

The appellant complains that some injustice was done him on the trial as to the evidence concerning the stock branded with the letter B. The evidence shows that the parties named in the indictment as the owners of the steer alleged to have been taken were the owners of this brand, .and we must be sure the defendant knew it, or he would not have it placed on record, as the proof shows he did, and offering the record in evidence, without showing in any manner how he came in possession of it or the stock upon which it was placed ; and in charging the jury on the subject, as to the record of the brand being evidence of the ownership of the animals bearing it, the judge very properly added to the instruction asked the words, " made in good faith." If the brand was recorded by the defendant in bad faith—in other words, if he had, without authority, placed

the brand of the Messrs. Styles on record in his own name—
we are at a loss how the act of so recording, in the absence
of any proof of ownership, could give him title to the prop-
erty, or afford him protection against a charge of fraudulently
taking any of the animals upon which the brand was placed.

We incline to the opinion that the evidence on this sub-
ject was properly admitted, as showing the intent of the
accused at the time of the taking. The time and place of
the taking, and the want of the consent of the owners, or
either of them, and the appropriation, seem to have been
proved to the satisfaction of the court and the jury.

There was some conflict in the evidence, but this was for
the jury to consider; the verdict cannot be said to be with-
out evidence.

The 17th error assigned, to wit, "the court erred in
overruling defendant's motion for new trial," embracing the
14th and 15th points in the defendant's motion for new trial,
requires no further comment than to say we have been unable
to discover any such error committed on the trial, as shown
by the motion for new trial, as to authorize us to reverse
the judgment rendered in the court below.

There is in the transcript what appears to be a motion to
exclude from the jury certain evidence concerning the brand
in question; but we do not see that it was formally pre-
sented to, and acted on by, the court, nor is there any bill
of exceptions in the transcript calling our attention to it.
The judgment is affirmed.

*Affirmed.*